14 F.3d 45
 73 A.F.T.R.2d 94-622, 73 A.F.T.R.2d 94-783
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Andrew TEMPELMAN, ET AL., Plaintiffs, Appellants,
v.
Cecile POTVIN, ET AL., Defendants, Appellees.
 No. 93-1434.
 United States Court of Appeals,
First Circuit.
 December 20, 1993
 
 Appeal from the United States District Court for the District of New Hampshire
 Andrew and Priscilla Tempelman on brief pro se.
 Michael L. Paup, Acting Assistant Attorney General, Tax Division, Gary R. Allen, Charles E. Brookhart and Scott P. Towers, Attorneys, Tax Division, Department of Justice, on brief for appellees.
 D.N.H.
 AFFIRMED
 Before Cyr, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiffs appeal from the dismissal of a complaint in which they advanced three related claims pertaining to a tax lien. As the lien has now been lifted (a fact first disclosed only after judgment by way of a motion for reconsideration), their claim under 28 U.S.C. Sec. 2410 to "quiet title" to property is now moot. In turn, we agree with the district court that, as set forth in the complaint, both the refund claim (brought under 28 U.S.C. Sec. 1346 and 26 U.S.C. Sec. 7422) and the damages claim (brought under 26 U.S.C. Sec. 7432) were barred on jurisdictional grounds, given that, inter alia, the underlying assessments were never paid. See, e.g., McMillen v. U.S. Dep't of Treasury, 960 F.2d 187, 188-90 (1st Cir. 1991) (per curiam). And considering the timing of the disclosure as to the lien's release, we cannot say that the court abused its discretion in denying the motion for reconsideration, particularly since such denial was without prejudice to the filing of a new action under Sec. 7432 (or some related provision) with regard to such release.
 
 
 2
 We need not now decide whether the normal prerequisites to such a suit-exhaustion of administrative remedies, see 26 U.S.C. Sec. 7432(d)(1), and payment of the underlying assessment, see McMillen, 960 F.2d at 190-might be subject to relaxation in cases where the lien has been released. See, e.g., Information Resources, Inc. v. United States, 950 F.2d 1122, 1125-27 (5th Cir. 1992). Nor need we decide whether, to the extent that the assessments at issue here involved only corporate taxes, plaintiffs would have standing as private individuals to pursue such relief. See, e.g., 26 U.S.C. Sec. 7432(a) (authorizing suit by taxpayer for improper failure to release lien "on property of the taxpayer"); In re Las Colinas Devel. Corp., 585 F.2d 7 (1st Cir. 1978) (corporations can appear in court only when represented by counsel), cert. denied, 440 U.S. 931 (1979).
 
 
 3
 We have reviewed plaintiffs' remaining claims on appeal and find them without merit.
 
 
 4
 Affirmed.